UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

DONALD GREGORIO DE JESUS RONDON, JULIO
EFRAIN, MAURO ZACARIAS HERNANDEZ,
MIGUEL PINZON, NOE EULISES CALDERON
PINEDA, and JOSE MANUEL ORELLANA LOPEZ,
on behalf of themselves, individually, and on behalf of
all others similarly-situated,

Civil Action No.: 24-cv-5741

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs,

**COLLECTIVE AND
CLASS ACTION**

-against-

EMPIRE BUILDING CONSULTING INC., and
LIANG CHEN, individually,

Defendants.

----------------------------------------------------------------X

Plaintiffs DONALD GREGORIO DE JESUS RONDON ("Rondon"), JULIO EFRAIN

("Efrain"), MAURO ZACARIAS HERNANDEZ ("Hernandez"), MIGUEL PINZON ("Pinzon"),

NOE EULISES CALDERON PINEDA ("Calderon"), and JOSE MANUEL ORELLANA LOPEZ

("Orellana") (collectively, "Plaintiffs"), on behalf of themselves, individually, and on behalf of all

others similarly-situated, by and through their attorneys, Joseph & Norinsberg, LLC and Katz

Melinger PLLC, as and for their Complaint against EMPIRE BUILDING CONSULTING INC.

("Empire") and LIANG CHEN, individually, (collectively, "Defendants"), allege upon personal

knowledge as to themselves and their own actions, and upon information and belief as to all other

matters, as follows:

## **NATURE OF CASE**

1.      Plaintiffs bring this action for Defendants' violations of: (i) the overtime provisions

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219; (ii) the overtime provisions of

the New York Labor Law ("NYLL") §§ 160, 650 et seq., and New York Comp. Codes R. & Regs

("NYCRR") Tit. 12, § 142-2.2; (iii) the NYLL's requirement that employees pay to employees all wages due and owing under the terms of their employment, NYLL § 663; (iv) the requirement that employers furnish employees with wage statements on each payday containing specific categories of accurate information under the NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); (vi) the timely payment of wages provisions of NYLL § 191; and (vii) any other cause(s) of action that can be inferred from the facts set forth herein.

## PRELIMINARY STATEMENT

2.      Defendant Empire is a construction company that provides various construction services. Defendant employed Plaintiffs as construction workers in various trades at various locations in New York.

3.      Despite Plaintiffs regularly working beyond forty hours a week, Defendant refused to pay Plaintiffs overtime wages in violation of the FLSA and NYLL. Furthermore, Defendant deliberately hid its unlawful compensation practices by failing to furnish Plaintiffs with accurate and/or complete wage statements as required under the NYLL and NYCCRR. Specifically, Defendant failed to regularly provide Plaintiffs with accurate wage statements on each payday.

4.      Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendant's willful violations of the FLSA.

5.      Defendants separately violated the NYLL in several other respects.

6.     First, Defendants unlawfully deducted from Plaintiffs wages their break time, despite Defendants routinely prohibiting Plaintiffs from taking any uninterrupted break due to the nature of Defendants' job sites and Plaintiffs' duties therein, violating NYLL § 663.

7.     Second, despite Plaintiffs, working as manual workers and performing virtually 100% of their work by carrying out physically laborious job duties, Defendant separately violated the NYLL by failing to timely pay them on a weekly basis as under NYLL § 191.

8.     And finally, Defendants failed to furnish Plaintiffs with accurate wage statements on each payday in violation of NYLL §195(3), and failed to furnish Plaintiffs with an accurate wage notice at hire in violation of NYLL §195(1)

9.     As a result, Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the NYCRR.

## JURISDICTION AND VENUE

8.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et. seq*.

9.     The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 for all claims arising under New York law, as they arise from a common nucleus of operative facts forming part of the same case or controversy under Article III of the United States Constitution.

10.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as actions comprising the claims for relief occurred within this judicial district.

## PARTIES

### *Plaintiffs*

### *Plaintiff Donald Gregorio De Jesus Rondon*

10.    Plaintiff Rondon is an individual who, at all times relevant to this Complaint, was and is a resident of New York.

11.    Defendants employed Plaintiff Rondon as a carpenter from on or around October 16, 2022, until on or around October 27, 2023.

12.    At all relevant times herein, Plaintiff Rondon was an "employee" of Defendants within the meaning of the FLSA, NYLL, and NYCRR.

### *Plaintiff Julio Efrain*

13.    Plaintiff Efrain is an individual who, at all times relevant to this Complaint, was and is a resident of New York.

14.    Defendants employed Plaintiff Efrain as a carpenter from on or around December 1, 2022, until October 30, 2023.

15.    At all relevant times herein, Plaintiff Efrain was an "employee" of Defendants within the meaning of the FLSA, NYLL, and NYCRR.

### *Plaintiff Mauro Sacarias Hernandez*

16.    Plaintiff Hernandez is an individual who, at all times relevant to this Complaint, was and is a resident of New York.

17.    Defendants employed Plaintiff Hernandez as a laborer/construction worker from on or around June 14, 2023, until on or around October 27, 2023.

18.    At all relevant times herein, Plaintiff Hernandez was an "employee" of Defendants within the meaning of the FLSA, NYLL, and NYCRR.

*Plaintiff Miguel Pinzon*

19.     Plaintiff Pinzon is an individual who, at all times relevant to this Complaint, was and is a resident of New York.

20.     Defendants employed Plaintiff Pinzon as a construction worker/laborer from on or around June 19, 2023 until on or around October 27, 2023.

21.     At all relevant times herein, Plaintiff Pinzon was an "employee" of Defendants within the meaning of the FLSA, NYLL, and NYCRR.

*Plaintiff Noe Eulises Calderon Pineda*

22.     Plaintiff Calderon is an individual who, at all times relevant to this Complaint, was and is a resident of New York.

23.     Defendants employed Plaintiff Calderon as a construction worker/foreman from on or around October 1, 2022, until on or around October 27, 2023.

24.     At all relevant times herein, Plaintiff Calderon was an "employee" of Defendants within the meaning of the FLSA, NYLL, and NYCRR.

*Plaintiff Jose Manuel Orellana Lopez*

25.     Plaintiff Orellana is an individual who, at all times relevant to this Complaint, was and is a resident of New York.

26.     Defendants employed Plaintiff Orellana as a construction worker/foreman from on or around June 14, 2023, until on or around October 27, 2023.

27.     At all relevant times herein, Plaintiff Orellana was an "employee" of Defendants within the meaning of the FLSA, NYLL, and NYCRR.

***Defendants***

*Defendant Empire Building Consulting Inc.*

28.     At all relevant times herein, Defendant Empire was and is a domestic business corporation, with its principal place of business located in Queens County, New York at 87-17 51st Avenue, Elmhurst, NY, 11373.

29.     Defendant Empire owns, operates and manages a construction company servicing the greater New York City area.

30.     Further, at all relevant times herein, Defendant Empire was and is an enterprise engaged in interstate commerce in that Defendant Empire: (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had two or more employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handles, sells and otherwise works with goods and construction material that have been moved in or produced for commerce by any person out of New York state; and (ii) has had annual gross volume of sales of not less than $500,000.00. This status subjects Defendant Empire to the FLSA's overtime requirements as an enterprise.

31.     By way of one example, Defendant Empire regularly required Plaintiffs to handle and perform work using Defendant' construction materials, tools, machinery and equipment, all of which, Defendants purchased and transported through ordinary channels of interstate commerce which originated outside of New York state.

32.     Accordingly, at all relevant times herein, Defendant Empire was an "employer" of Plaintiffs within the meaning of the FLSA, NYLL, and NYCRR.

*Defendant Liang Chen*

33.    At all relevant times herein, Defendant Chen was and is the owner, operator, and Chief Executive Officer of Defendant Empire.

34.    At all relevant times herein, Defendant Chen had and exercised operational control over Defendant Empire, controlled significant business functions of Defendant Empire, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Empire in devising, directing, implementing, and supervising the wage and hour practices and policies relating to employees, including personally performing each of these tasks and responsibilities with respect to each of the Plaintiffs.

35.    At all relevant times herein, Defendant Chen was a "person" and an "employer" of Plaintiffs within the meaning of the FLSA, NYLL, and NYCRR.

## COLLECTIVE ACTION ALLEGATIONS

36.    Plaintiffs seek to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on their own behalf, as well as on behalf of those in the following collective:

> Current and former hourly manual worker employees who, during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

37.    Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Factual Allegations" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid

the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

38.    At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiffs and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

39.    Defendants' willful violations of the FLSA are evidenced by their knowledge that their policies violated the FLSA, and their intentional and/or reckless choice to continue to operate in violation of the FLSA's requirements. Further, discovery will confirm that Defendants blatantly ignored the FLSA's explicit requirement that employees must be paid overtime and time and one-half the regular base hourly wage for *all* hours suffered or permitted to be worked over forty each week, and that underpaying its workers is an illegal practice.

40.    The precise number of FLSA Plaintiffs should be readily available from a review of the Defendants' personnel, scheduling, time, and payroll records, and from input received from the collective action as part of the notice and "opt-in" process provided by 29 U.S.C § 216(b).

41.    Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

42.    In addition, Plaintiffs seek to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of themselves, individually, as well as on behalf of all others similarly-situated who, during the applicable NYLL limitations period, were subjected to violations of the NYLL and the NYCRR.

43.     Plaintiffs seek certification of the following FRCP 23 class:

Current and former hourly manual worker employees who performed any work for Defendants during the statutory period within the State of New York ("Rule 23 Plaintiffs").

## Numerosity & Ascertainability

44.     During the previous six years, Defendants have employed at least forty employees that are putative members of this class.

45.     The precise number of Rule 23 Plaintiffs is readily ascertainable through a review of Defendants' personnel, time, and payroll records.

## Common Questions of Law and/or Fact

46.     There are questions of law and fact common to each Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked in excess of forty hours in a week; (4) whether the Defendants failed to pay Rule 23 Plaintiffs overtime compensation of one and one-half their regular rates of pay for all hours worked in excess of forty hours in a week; (5) whether the Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); (6) whether the Defendants kept and maintained accurate records of hours worked by Rule 23 Plaintiffs; (7) whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (8) whether the Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (9) whether the Defendants' actions with respect to the Rule 23 Plaintiffs

were in violation of the NYLL and supporting regulations; and (10) if so, what constitutes the proper measure of damages.

### Typicality of Claims and/or Defenses

47.    As described in the "Factual Allegations" section below, the Defendants employed Plaintiffs and Rule 23 Plaintiffs within the meaning of the NYLL. Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs: work and/or have worked for Defendants as hourly, manual worker employees in New York; the Defendants did not pay them overtime compensation of one and one-half times their regular rates of pay for all hours worked in a week over forty; and Defendants did not provide them with accurate wage statements on each pay day or accurate wage notices upon hire. Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked each week over forty hours, and to be furnished with accurate wage statements on each payday and wage notices upon hire.

48.    Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL and supporting regulations. Plaintiffs and the Rule 23 Plaintiffs all have suffered injury including lack of compensation due to the Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### Adequacy

49.    Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. Defendants did not pay Plaintiffs overtime for all hours worked over forty hours in a week, and did not furnish Plaintiffs with

accurate wage statements on each payday nor with accurate wage notices upon hire, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.

50.    Plaintiffs fully anticipate providing discovery responses and testifying under oath as to all matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

51.    Additionally, Plaintiffs' counsel, Joseph & Norinsberg, LLC and Katz Melinger PLLC (collectively, "Plaintiffs' Counsel"), has substantial experience in the field of employment law.  Plaintiffs' Counsel are two well-respected litigation firms that represents Plaintiffs primarily in a wide variety of employment matters, including individual and class action litigation concerning wage and hour, discrimination, and harassment claims among others. Plaintiffs' Counsel are dedicated to their clients, working tirelessly to achieve the best outcome for them, sometimes at a significant cost to the firm in terms of time, resources, and financial risk. Plaintiffs' Counsel has handled hundreds of employment cases in federal districts courts, including dozens of Rule 23 class actions and FLSA collective actions.  Accordingly, Plaintiffs' Counsel will fairly and adequately represent the interests of the putative class and will take all steps necessary to obtain class certification and appointment as class counsel

**<u>Superiority</u>**

52.    A class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein, because such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of evidence, effort, and expense that numerous individual actions would engender.

53.     Plaintiffs have no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, the Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

54.     Any lawsuit brought by an hourly, manual worker employee of the Defendants would be identical to a suit brought by any other such employee for the same violations. Thus, separate litigation would risk inconsistent results.

55.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## FACTUAL ALLEGATIONS

### *Allegations Common to All Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs*

56.     Defendants employed Plaintiffs as carpenters, laborers/construction workers, or foreman, at various times throughout 2022 and 2023.

57.     As described below, Defendants required all Plaintiffs to work well more than forty hours each week, yet Defendants willfully violated the FLSA and NYLL in several respects.

58.     First, Defendants failed and refused to pay them overtime compensation of one and one-half times their respective regular rates of pay for all hours over forty.

59.     Second, Defendants routinely automatically deducted thirty minutes per day from each Plaintiff's wages despite failing and refusing to afford them a completely uninterrupted lunch break each day.

60.    Third, Defendants paid Plaintiffs - - all of whom spent virtually 100% of their time performing physically laborious tasks making them all "manual workers" under the NYLL - - on a bi-weekly basis, thereby violating NYLL § 191's requirement that manual workers receive their wages at least as frequently as on a weekly basis.

61.    Fourth, whenever Defendants *did* pay Plaintiffs, Defendants failed and refused to provide them with accurate wage statements on each pay day, instead sometimes paying them partly in cash and partly by check, and at all times failing and refusing to accurately list all of Plaintiffs' hours worked, wages owed, or actual owed overtime rates of pay.

62.    Fifth, and similarly, Defendants failed and refused to provide Plaintiffs with accurate wage notices upon hire, neglecting to provide them any written notice of their actual overtime rates of pay, or their rights to be paid overtime for all hours over forty, or their rights to be paid at least as frequently as on a weekly basis.

63.    As a result of each of these unlawful schemes, Plaintiffs all suffered concrete injuries in fact due to Defendants' failure them all overtime wages owed, all hourly wages owed, to be paid at least as frequently as on a weekly basis, and to receive timely and accurate wage statements on each pay or an accurate wage notice upon hire advising Plaintiffs of their rights.

64.    Specifically, lacking any real documentation from Defendants that showed their true hours and pay, Plaintiffs were unable to meaningfully advocate for themselves and others due to this lack of accurate information provided to them at the time of their hire and during each pay period from Defendants.

65.    If Plaintiffs' paystubs accurately reflected the actual hours they worked, their actual owed overtime rates, or advised them of their rights to be paid on a weekly basis, and if they would have been made aware of these rights at the time of their hire and throughout their employment,

Plaintiffs would have been able to advocate for themselves  and for their coworkers to be paid higher wages during their employment, exactly as Plaintiffs are now doing through this action upon independently learning of their rights.

66.    Indeed, because Plaintiffs was not aware that they should have received their pay on a weekly basis, and to receive compensation at a rate of time and a half for all hours in excess of forty in a workweek, and to be paid for the time they were forced to work through their interrupted lunch breaks, Plaintiffs were delayed for several years before asserting their instant complaint against Defendants, causing them each to lose the time-value of the money they should have earned if they was accurately appraised of their rights.

67.    Defendants' unlawful conduct was willful and intentional, in that Defendants were aware or should have been aware that the practices described in this Complaint were in violation of applicable laws. Defendants have not made a good faith effort to comply with the FLSA and NYLL with respect to the compensation of Plaintiffs, as demonstrated by, *inter alia*, Defendants' failure to keep and maintain in prominent locations accurate notices of Plaintiffs' rights under federal and state laws, and by Defendants' failure to provide Plaintiffs with proper tax documentation upon hire, such as IRS Form W-4's, never furnishing any tax documentation to Plaintiffs at the conclusion of each tax year.

68.    To that end, and in furtherance of their willful violations, whenever Defendants issued checks to Plaintiffs for their wages, Defendants failed and refused to make any deduction for federal, state, or local taxes.

69.    Each hour that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

70.    Defendants acted in the manner described herein so as to minimize their overhead while maximizing their profits.

### *Plaintiffs' Individual Allegations*

#### *Plaintiff Donald Gregorio De Jesus Rondon*

71.    On or about October 16, 2022, Defendants hired Plaintiff Rondon to work as a carpenter.

72.    In his capacity as a carpenter, Plaintiff Rondon's primary responsibilities encompassed manual labor virtually 100% of his working time, including but not limited to performing demolitions, executing repairs at construction sites, and installing various structures and fixtures.

73.    Throughout the duration of his employment, Plaintiff Rondon consistently worked six (6) days per week, from Monday through Saturday.

74.    Plaintiff Rondon's designated schedule was Monday to Friday from 7:00 AM to 4:00 PM, and Saturday from 7:00 AM to 4:00 PM.

75.    Notwithstanding his designated work schedule, Defendants regularly required Plaintiff Rondon to work an additional 2-3 hours beyond his scheduled shift, each day. This extended workday occurred approximately four days per week, with Plaintiff Rondon frequently working between as late as 5:00 PM and 8:00 PM.

76.    Consequently, Plaintiff Rondon regularly worked between 60 and 64 hours per week.

77.    Defendants compensated Plaintiff Rondon at an hourly rate of $20.00 for all hours worked, including those in excess of forty (40) hours per week.

78.     As a result, Defendants failed to pay Plaintiff Rondon at the legally mandated overtime rate of one and one-half times his regular hourly rate, i.e., $30.00 per hour, for any hours worked beyond forty each week.

79.     Moreover, Defendants routinely deducted thirty minutes each day from Plaintiff's pay, yet Plaintiff Rondon was unable to take his designated lunch break without interruption on any days where he was required to perform cement work.

80.     Defendants paid Plaintiff Rondon on a bi-weekly basis via check.

81.     For a three-month period spanning from April to June 2023, Defendants employed a partial off-the-books payment system for Plaintiff Rondon, disbursing $1300-$1400 via check and the remaining $400 in cash, further demonstrating Defendants' willful violations of the law through their efforts to conceal their wrongdoing with this off-the-books payment system.

82.     And at all times, Defendants consistently failed to furnish Plaintiff Rondon with accurate wage statements on each payday, failing to include his actual overtime rates of pay, all hours worked, and all wages owed.

83.     Accordingly, by paying Plaintiff on a bi-weekly basis, Defendants failed to compensate Plaintiff Rondon on a weekly basis as required for manual workers under NYLL § 191.

84.     And, upon his hire, Defendants failed to provide Plaintiff Rondon with an accurate wage notice listing, *inter alia*, his actual rate of pay, his owed overtime rate of pay, or his right to receive his wages on weekly basis.

### ***Plaintiff Julio Efrain***

85.     On or about December 1, 2022, Defendants hired Plaintiff Efrain to work as a carpenter.

86.     In his capacity as a carpenter, Plaintiff Efrain's primary responsibilities encompassed manual labor virtually 100% of his working time, including but not limited to performing demolitions, executing repairs at construction sites, and installing various structures and fixtures.

87.     Throughout his tenure of employment, Plaintiff Efrain consistently worked six (6) days per week, from Monday through Saturday.

88.     Plaintiff Efrain's designated schedule was Monday to Friday from 7:00 AM to 4:00 PM, and Saturday from 9:00 AM to 5:00 PM.

89.     However, Defendants regularly required Plaintiff Efrain to work additional hours beyond his designated shift, extending between 6:00 PM, 7:00 PM, and even 9:00 PM, contingent upon various project requirements. And at least once every 10 days, Defendants required Plaintiff Efrain to work until 9:00 PM for cement-related tasks.

90.     As a result of these extended hours, Plaintiff Efrain worked between 55-60 hours each week.

91.     Defendants compensated Plaintiff Efrain at an hourly rate of $25.00 for all hours worked, including those in excess of forty (40) hours per week.

92.     As a result, Defendants failed to remunerate Plaintiff Efrain at the legally mandated overtime rate of one and one-half times his regular hourly rate - - $37.50 - - for hours worked beyond forty hours each week.

93.     Moreover, Defendants routinely deducted thirty minutes each day from Plaintiff's pay, yet Plaintiff Efrain was unable to take his designated lunch break without interruption on any days where he was required to perform cement work.

94.    Defendants paid Plaintiff Efrain on a bi-weekly basis via check, while sometimes paying Plaintiff Efrain on a cash basis for work performed on Saturdays.

95.    Defendants consistently failed to furnish Plaintiff Efrain with accurate wage statements on each payday, failing to include his actual overtime rates of pay, all hours worked, and all wages owed.

96.    Defendants failed to compensate Plaintiff Efrain on a weekly basis as required for manual workers under NYLL § 191.

97.    And, upon his hire, Defendants failed to provide Plaintiff Efrain with an accurate wage notice listing, *inter alia*, his actual rate of pay, his owed overtime rate of pay, or his right to receive his wages on weekly basis.

### ***Plaintiff Mauro Sacarias Hernandez***

98.    On or about June 14, 2023, Defendants hired Plaintiff Hernandez to work as a construction worker/laborer.

99.    In his capacity as a construction worker, Plaintiff Hernandez's primary responsibilities encompassed manual labor virtually 100% of his working time, included performing various work such as constructing columns and iron walls on construction sites.

100.    Throughout the duration of his employment, Plaintiff Hernandez consistently worked six (6) days per week, from Monday through Saturday.

101.    Plaintiff Hernandez's designated schedule was Monday to Saturday from 9:00 AM to 5:00 PM or 6:00 PM.

102.    Notwithstanding his designated schedule, Defendants nevertheless required Plaintiff Hernandez to work beyond his regular schedule, as late as 8:00 PM or 9:00 PM.

103.    Consequently, Plaintiff Hernandez regularly worked approximately 54 hours per week.

104.    Defendants compensated Plaintiff Hernandez at an hourly rate of $28.00 for all hours worked, including those in excess of forty (40) hours per week.

105.    As a result, Defendants failed to pay Plaintiff Hernandez at the legally mandated overtime rate of one and one-half times his regular hourly rate - - $42.00 - - for any hours worked beyond forty hours each week.

106.    Moreover, Defendants routinely deducted thirty minutes each day from Plaintiff's pay, yet Plaintiff Hernandez was unable to take his designated lunch break without interruption on any days where he was required to perform cement work.

107.    Defendants paid Plaintiff Hernandez on a bi-weekly basis via personal checks, further demonstrating Defendants' willful violations of the law through their efforts to conceal their wrongdoing by paying Hernandez via personal checks rather than via payroll checks.

108.    As a result, at all times, Defendants consistently failed to furnish Plaintiff Hernandez with accurate wage statements on each payday, failing to include his actual overtime rates of pay, all hours worked, and all wages owed.

109.    Defendants failed to compensate Plaintiff Hernandez on a weekly basis as required for manual workers under NYLL § 191.

110.    And, upon his hire, Defendants failed to provide Plaintiff Hernandez with an accurate wage notice listing, *inter alia*, his actual rate of pay, his owed overtime rate of pay, or his right to receive his wages on weekly basis.

***Plaintiff Miguel Pinzon***

111.    On or about June 19, 2023, Defendants hired Plaintiff Pinzon to work as a laborer/construction worker.

112.    As a construction worker, Plaintiff Pinzon's primary responsibilities encompassed manual labor virtually 100% of his working time, specifically performing iron work on various buildings at his assigned construction sites.

113.    Throughout his employment, Plaintiff Pinzon consistently worked six (6) days per week, from Monday through Saturday.

114.    Plaintiff Pinzon's designated schedule was Monday to Friday from 7:00 AM to 4:00 PM, and Saturday from 9:00 AM to 4:00 PM.

115.    However, despite this designed schedule, on three days per week Defendants required Plaintiff Pinzon to start his workday at 6:00 AM and to continue working work until between 5:00 PM and 8:00 PM.

116.    As a result, Plaintiff Pinzon regularly worked at least 58 hours per week.

117.    Defendants compensated Plaintiff Pinzon at an hourly rate of $27.00 for all hours worked, including those in excess of forty (40) hours per week.

118.    Accordingly, Defendants failed to pay Plaintiff Pinzon at the legally mandated overtime rate of one and one-half times his regular hourly rate - - $40.50 - - for hours worked beyond forty hours each week.

119.    Moreover, Defendants routinely deducted thirty minutes each day from Plaintiff's pay, yet Plaintiff Pinzon was unable to take his designated lunch break without interruption on any days where he was required to perform cement work.

120.    Defendants paid Plaintiff Pinzon on a bi-weekly basis via check.

121.    At all times, Defendants consistently failed to furnish Plaintiff Pinzon with accurate wage statements on each payday, failing to include his actual overtime rates of pay, all hours worked, and all wages owed.

122.    Defendants failed to compensate Plaintiff Pinzon on a weekly basis as required for manual workers under NYLL § 191.

123.    And, upon his hire, Defendants failed to provide Plaintiff Pinzon with an accurate wage notice listing, *inter alia*, his actual rate of pay, his owed overtime rate of pay, or his right to receive his wages on weekly basis.

### ***Plaintiff Noe Eulises Calderon Pineda***

124.    On or about October 1, 2022, Defendants hired Plaintiff Calderon to work as a site foreman and laborer.

125.    In his capacity as a general foreman, Plaintiff Calderon's primary responsibilities included performing various physically laborious tasks at Defendants' various assigned construction sites, alongside a staff of between 17 and 40 other workers, while assisting with the timely progression of construction work.

126.    Throughout the duration of his employment, Plaintiff Calderon consistently worked six (6) days per week, from Monday through Saturday.

127.    Plaintiff Calderon's designated schedule was Monday to Friday from 7:00 AM to 4:00 PM, and Saturday from 9:00 AM to 5:00 PM.

128.    Notwithstanding his official schedule, for the initial six months of his employment, Defendants regularly required Plaintiff Calderon to work until 5:00 PM or 6:00 PM on weekdays.

129.    Consequently, Plaintiff Calderon regularly worked approximately 53 hours per week.

130.   Defendants compensated Plaintiff Calderon at an hourly rate of $40.00 for all hours worked, including those in excess of forty (40) hours per week.

131.   Defendants failed to remunerate Plaintiff Calderon at the legally mandated overtime rate of one and one-half times his regular hourly rate for hours worked beyond forty hours per week.

132.   Moreover, Plaintiff Calderon was entitled to a one-hour lunch break from 12:00 PM to 1:00 PM each day, which Defendants deducted from his pay. However, Plaintiff was not permitted to take any uninterrupted breaks due to his job as a foreman such as receiving calls from his supervisors/managers/Defendants' other managerial personnel, receive construction material deliveries at the job site, or assist other tradesmen with their job duties as needed.

133.   Defendants paid Plaintiff Calderon on a bi-weekly basis via check.

134.   For the initial month of his employment, Defendants compensated Plaintiff Calderon in cash, demonstrating another example of Defendants' willful violations of the FLSA, NYLL, and NYCRR.

135.   And at all times, Defendants consistently failed to furnish Plaintiff Calderon with accurate wage statements on each payday.

136.   Defendants failed to compensate Plaintiff Calderon on a weekly basis as required for manual workers under NYLL § 191.

137.   And, upon his hire, Defendants failed to provide Plaintiff Calderon with an accurate wage notice listing, *inter alia*, his actual rate of pay, his owed overtime rate of pay, or his right to receive his wages on weekly basis.

138.   Making matters worse, Defendants had promised Plaintiff Calderon a bonus for each level of cement completed, including excavation (SOE), two levels of basement, and three floors. Despite Plaintiff Calderon completing countless examples of this cement work, however, Defendants failed and refused to ever pay Plaintiff Calderon any such bonus, in gross violation of the NYLL.

### *Plaintiff Jose Manuel Orellana Lopez*

139.   On or about June 14, 2023, Defendants hired Plaintiff Orellana Lopez to work as an Iron Foreman.

140.   In his capacity as an Iron Foreman, Plaintiff Orellana Lopez's primary responsibilities encompassed working on various construction sites as the head iron worker while working side-by-side with a team of six additional iron workers.

141.   Throughout the duration of his employment, which concluded on October 27, 2023, Plaintiff Orellana Lopez consistently worked six (6) days per week, from Monday through Saturday.

142.   Plaintiff Orellana Lopez's designated schedule was Monday to Friday from 7:00 AM to 5:00 PM, plus Saturday from 9:00 AM to 5:00 PM.

143.   Notwithstanding his designated schedule, Defendants regularly required Plaintiff Orellana Lopez to work beyond his scheduled hours, commonly working until 6:00 PM on days without cement work, while working until anywhere from 8:00 PM through 10:00 PM on days when cement work was required.

144.   The extended hours for cement work occurred one-to-two times per month.

145.    Moreover, on the workday immediately preceding any day where cement work would be performed, Defendant routinely required Plaintiff Orellana Lopez to work until 6:00 PM or 7:00 PM.

146.    Consequently, Plaintiff Orellana Lopez regularly worked 58 hours per week without cement work, and between 60 and 65 hours per week when cement work was required.

147.    Defendants compensated Plaintiff Orellana Lopez at an hourly rate of $35.00 for all hours worked, including those in excess of forty (40) hours per week.

148.    But Defendants never paid Plaintiff Orellana Lopez at the legally mandated overtime rate of one and one-half times his regular hourly rate - - $52.50 - - for any hours worked beyond forty each week.

149.    Moreover, Defendants routinely deducted one hour each day from Plaintiff's pay, yet Plaintiff Orellana Lopez was unable to take his designated lunch break without interruption on *any day*.

150.    Defendants paid Plaintiff Orellana Lopez on a bi-weekly basis.

151.    Moreover, at all times, Defendants consistently failed to furnish Plaintiff Orellana Lopez with accurate wage statements on each payday, failing to include his actual overtime rates of pay, all hours worked, and all wages owed.

152.    Defendants failed to compensate Plaintiff Orellana Lopez on a weekly basis as required for manual workers under NYLL § 191.

153.    And, as with the other Plaintiffs, upon his hire, Defendants failed to provide Plaintiff Orellana Lopez with an accurate wage notice listing, *inter alia*, his actual rate of pay, his owed overtime rate of pay, or his right to receive his wages on weekly basis.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

154.    Plaintiffs and FLSA Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

155.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

156.    As described above, Defendants are "employers" within the meaning of the FLSA, while Plaintiffs and FLSA Plaintiffs are "employees" within the meaning of the FLSA.

157.    Plaintiffs and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiffs and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

158.    Defendants willfully violated the FLSA.

159.    Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

160.    Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the NYLL and the NYCRR*

161.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

162.    N.Y. Lab. Law § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

163.    Defendants are "employers" within the meaning of the NYLL and the NYCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are "employees" within the meaning of the NYLL and the NYCRR.

164.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

165.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.

166.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Wages under the NYLL*

167.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

168.    NYLL § 663(1) provides in part "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled . . . he or she will recover in a civil action the amount of such underpayments. . . ."

169.    Defendants are "employers" within the meaning of the NYLL, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL.

170.    Defendants willfully failed to compensate Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action with wages for all the hours worked under forty per week by unlawfully deducting from their wages their uninterrupted meal break time. As result, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are entitled to payment of these hours at their regular rate of pay.

171.    Specifically, Defendant's failure to pay these hours  - - known as "gap time" wages - - is prohibited by Section 193 of the New York Labor Law which expressly prohibits an employer from making unauthorized deductions from employees' wages.

172.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the NYLL.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

173.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

174.    N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

175. Defendants are "employers" within the meaning of the NYLL, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL.

176. As described above, Defendants, on each payday, failed to furnish Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action with accurate wage statements containing the criteria required under the NYLL.

177. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action in the amount of $250.00 for each workday that the violations occurred, up to a statutory cap of $5,000.00.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

178. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

179. Defendants are "employers" within the meaning of the NYLL, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL.

180. N.Y. Lab. Law § 195(1) requires that employers furnish employees with wage notices upon hire containing accurate, specifically enumerated criteria whenever they are hired and/or whenever their rates of pay change.

181. As described above, Defendants, when hiring Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action, failed to furnish them with accurate wage notices containing the criteria required under the NYLL, specifically, NYLL § 195(1), *et seq*., and 12 NYCRR § 142-2.7, *et seq*.

182.    Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action the amount of $50.00, per Plaintiff, for each workday that the violations occurred, up to a statutory cap of $5,000.00, per Plaintiff.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Pay Timely Wages under NYLL § 191*

183.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

184.    NYLL § 191 requires employers to pay manual workers on a weekly basis.

185.    Defendants are "employers" within the meaning of the NYLL, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL.

186.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action were manual workers within the meaning of NYLL § 191, as they spent more than 25% of their workdays performing physically laborious tasks as part of their construction work jobs.

187.    Defendants failed to pay Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action on a weekly basis as required by NYLL § 191.

188.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of NYLL § 191.

## DEMAND FOR A JURY TRIAL

189.    Pursuant to FRCP 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs respectfully demand judgment against Defendants as follows:

A.      Preliminary and permanent injunctions against Defendants, and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with the Defendants, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

B.      A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned laws;

C.      An order restraining Defendants from any retaliation against Plaintiffs, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

D.      Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

E.      Designation of this action as a Fed.R.Civ.P. 23(b)(3) class action on behalf of Plaintiffs and Rule 23 Plaintiffs, and prompt issuance of notice pursuant to Fed.R.Civ.P. 23(c)(2) to the Rule 23 Plaintiffs, apprising them of the pendency of this action, and tolling of the statute of limitations;

F.      Designation of Plaintiffs and their counsel as class/collective action representatives under the FRCP and the FLSA;

G.      Service awards for Plaintiffs for the work as class and collective action representatives;

H.      All damages that Plaintiffs, Rule 23 Plaintiffs, and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid overtime or regular wages and any shortfall between wages paid and those due under the law that Plaintiffs, Rule 23 Plaintiffs, and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

I.      An award for failure to provide wage statements as required by NYLL § 195(3);

J.      An award for failure to provide wage notices as required by NYLL § 195(1);

K.      An award of damages for Defendants' failure to pay timely wages as required by NYLL § 191;

L.      An award to the Plaintiffs for the costs and disbursements of this action, as well as their reasonable attorneys' fees, expert fees, and other costs;

M.      Pre-judgment and post-judgment interest, as provided by law; and

N.     Granting Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
        August 16, 2024

                                              JOSEPH & NORINSBERG, LLC

                                       By:    _____
                                              Jon L. Norinsberg, Esq.
                                              Michael R. Minkoff, Esq.
                                              110 East 59th Street, Suite 2300
                                              New York, New York 10022
                                              *Attorneys for Plaintiffs and the*
                                              *Putative Class and Collective*


                                              KATZ MELINGER PLLC

                                       By:    */s/ Kenneth Katz*
                                              Kenneth Katz, Esq.
                                              370 Lexington Avenue, Suite 1512
                                              New York, New York 10017
                                              Telephone: (212) 460-0047
                                              Facsimile: (212) 428-6811
                                              kjkatz@katzmelinger.com
                                              *Attorneys for Plaintiffs and the*
                                              *Putative Class and Collective*